WIL-NOR CORPORATION ET AL. *v.* ZONING BOARD OF
APPEALS OF THE CITY OF NORWALK

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued November 4—decided December 16, 1958

*Jonathan Lovejoy,* with whom, on the brief, was *Frederick Lovejoy, Jr.,* for the appellant (defendant).

*Leo Nevas,* with whom were *Alan H. Nevas* and, on the brief, *Morris Robinson,* for the appellees (plaintiffs).

DALY, C. J. The plaintiffs appealed to the Court of Common Pleas from the action of the defendant board in denying the named plaintiff's application for a variance of the zoning regulations of the city of Norwalk. This appeal is taken by the board from the judgment of the court sustaining the appeal and reversing the action of the board.

The named plaintiff, hereinafter referred to as Wil-Nor, is the owner of a parcel of land located in the towns of Wilton and Norwalk. The westerly boundary of the property is route 7. The line which is the southerly boundary of Wilton and the northerly boundary of Norwalk runs in a northeasterly direction. Wil-Nor had a one-story commercial building of more than 40,000 square feet partially constructed on its property. A building permit for its construction was issued by the town of Wilton. After the assignors of the plaintiff Gateway Center, Inc., entered into a contract to purchase the property from Wil-Nor, they had a location survey made. It was then learned that the land upon which the southeast corner of the incomplete building was erected is located in Norwalk, in a residence zone. The area of that portion of the structure is about 2500 square feet. No permit for the erection of that part of the building was issued by the building inspector of the city of Norwalk. The board denied the application for a variance and a permit to maintain the portion of the building erected in Norwalk, and ordered that the violation be removed.

In the resolution denying the application, the board stated that the violation could have been avoided by a competent engineer exercising reasonable care, "as the Norwalk-Wilton boundary line is clearly delineated" on "readily available" maps; that "the entire structure is too close to the south-

erly property line, thereby imposing a severe blight on a well-established residential neighborhood of good quality"; that the "structure is close enough to the southerly property line to prevent the reduction of resulting blight through landscaping and other known methods of screening"; that the "portion of the structure in violation of the regulations of the City of Norwalk constitutes the most offensive and objectionable part of this project"; that "any consideration and sympathy this Board feels for the possible financial problems of creditors of the applicant is nullified and overcome by the obvious danger to large numbers of homes which results from the existence of this structure and which will grow greater if this structure remains"; and that "any practical difficulty is of the applicant's own making."

The court, as shown by its limited finding, heard no testimony. It reviewed the proceedings of the board, received in evidence a map of the area, viewed the area, and found that "[t]he area fronting Route # 7 on both sides of the road is highly commercial." The court concluded that the board acted arbitrarily, illegally or in abuse of its discretion in failing to grant the application.

Section 17 of the Norwalk building zone regulations is entitled "Board of Appeals" and provides that the board of appeals "may in a specific case after public hearing and subject to appropriate conditions and safeguards determine and vary the application of the regulations herein established, in harmony with their general purpose and intent, as follows: . . . 6. Vary any requirement of these regulations in harmony with their general purpose and intent, so that substantial justice may be done. This authority shall be exercised in a manner to secure the public health, safety, and welfare solely

in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations." Norwalk Zoning Ordinance, § 17 (1929, as amended). The board contends that the trial court erred in concluding that it acted illegally, arbitrarily or in abuse of its discretion in denying the application for a variance; that it was not within the court's power to compel the board to grant the application; and that the court, by its judgment, deprived the board of the right and opportunity to impose conditions and safeguards upon the granting of the variance.

The appeal to the court from the decision of the board did not require or permit the court, by trial de novo, to substitute its findings and conclusions for the decision of the board. Its functions were limited to a determination whether the board, as alleged by the appeal, had acted illegally, arbitrarily and in abuse of the discretion vested in it. *Talmadge* v. *Board of Zoning Appeals,* 141 Conn. 639, 642, 109 A.2d 253; *Gunther* v. *Board of Zoning Appeals,* 136 Conn. 303, 306, 71 A.2d 91; *Blake* v. *Board of Appeals,* 117 Conn. 527, 531, 532, 169 A. 195. "The power of authorizing variations is to be sparingly exercised. A variance is to be granted only to avoid an unnecessary hardship. The hardship must be one different in kind from that imposed upon properties in general by the ordinance." *Talmadge* v. *Board of Zoning Appeals,* supra, 643. We have frequently asserted, as a fundamental proposition, that the decisions of zoning authorities are to be overruled only when it is found that they have not acted fairly, with proper motives, and upon valid reasons. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about dis-

turbing the decision of the local authority. The burden of overthrowing the decision of the board rested squarely upon the plaintiffs. *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 325, 326, 122 A.2d 303.

The predicament which arose did not originate in the zoning regulations or in other conditions beyond the control of Wil-Nor. The difficulty or hardship which now plagues the plaintiffs could have been avoided, since before construction was commenced it was known that part of the real property was located in Norwalk. As stated in the board's resolution denying the application, the Norwalk-Wilton boundary line was clearly delineated on readily available maps. Moreover, nothing in the record indicates that, before construction was commenced, Wil-Nor could not have had a competent engineer make a survey of its land for the purpose of outlining the portion of it which is located in Norwalk. The seeking of relief from the board was to escape the result of Wil-Nor's imprudence. See *Misuk* v. *Zoning Board of Appeals,* 138 Conn. 477, 481, 86 A.2d 180. There is no legal basis for a conclusion by the court that the board acted unfairly, or with improper motives or upon invalid reasons. Such a conclusion would be required in order to support the judgment overruling the board's decision. *Devaney* v. *Board of Zoning Appeals,* supra, 325. The court erred in concluding that the board acted arbitrarily, illegally or in abuse of its discretion in failing to grant the application.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.