## MURPHY, INC. *v.* BOARD OF ZONING APPEALS OF THE TOWN OF WILTON

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued March 2—decided May 24, 1960

*Arthur Levy, Jr.,* with whom, on the brief, was *Irwin E. Friedman,* for the appellant (plaintiff).

*William R. Curtis,* for the appellee (defendant).

MELLITZ, J. The plaintiff has been the lessee of a parcel of land in Wilton for more than twenty years and has maintained thereon a billboard carrying an advertisement of a restaurant located in another town. In 1946, the town of Wilton adopted a zoning ordinance. Under its provisions, advertising signs such as that maintained by the plaintiff were expressly prohibited in a residential zone. The plaintiff's billboard is in such a zone. In 1955, an amendment of the zoning ordinance required every sign which constituted a nonconforming use in any district to be discontinued and removed within two years. Wilton Zoning Regs. § 2 (4) (1955). The plaintiff, having been directed to remove its sign, applied to the defendant for a variance to permit the continued location of the sign on the premises. After a hearing, the board denied the application on the ground that the hardship of which the plaintiff complained applied to all the land in the town zoned for residence and not alone to the land on which the plaintiff's sign was located, and that "the hardship required by the Statute [as a basis for a variance] was not shown" by the plaintiff. The plaintiff has brought this appeal from a judgment of the Court of Common Pleas dismissing an appeal taken by the plaintiff to that court.

The power of the defendant to vary the application of the zoning regulations is fixed by General Statutes § 8-6, which provides, so far as here pertinent, that a variance may be granted "solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such . . . regulations would result in . . . unusual hardship." A hardship which under the statute would permit the defendant to vary the application of the zoning regulations must differ in kind from the hardship imposed on properties in general by the regulations. *Talmadge* v. *Board of Zoning Appeals,* 141 Conn. 639, 643, 109 A.2d 253; *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 600, 108 A.2d 899. The conditions created by the operation of the regulations must be peculiarly oppressive to the applicant's property. Under the Wilton zoning ordinance, the display of signs such as the one here involved is expressly prohibited in all residence districts. Wilton Zoning Regs. § 4 (A) (2) (b) (1955). It does not appear that the operation of the regulations affects the property of the plaintiff differently from, or creates a situation not applicable to, all other properties located in a residence zone in the town.

The issue for the trial court upon the appeal was whether the board acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. *Piccolo* v. *West Haven,* 120 Conn. 449, 453, 181 A. 615. Whether the facts in any given case establish such an exceptional set of circumstances as to warrant the granting of a variance presents a problem for the board, in the first instance, to determine. *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 52, 118 A.2d 894. The burden of overthrowing the

decision of the board was upon the plaintiff. *Mc-Mahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 438, 101 A.2d 284. The board, after a hearing held according to law, found that "the hardship required by the Statute was not shown" by the plaintiff and that "to grant a variance would be contrary to the spirit as well as the letter of the zoning law." The court correctly concluded that there was nothing in the record to indicate that the action of the board was arbitrary or illegal.

Section 8-2 of the General Statutes was amended by No. 661 of the Public Acts of 1959 to provide that zoning "regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations." This amendment did not become effective until October 1, 1959, subsequent to the date when the board took action upon the plaintiff's application. General Statutes § 2-32. Therefore it was not applicable in this case. *Reese* v. *Reese,* 136 Conn. 191, 194, 70 A.2d 123. The situation here is not that which was present in *DelMastro* v. *Liquor Control Commission,* 146 Conn. 740, 154 A.2d 241, where we held that the enactment of a statute specifically prohibiting the issuance of a liquor permit such as was sought in that case made the appeal from the denial of the permit moot.

There is no error.

In this opinion the other judges concurred.