## Thomas Benoit et al. *v.* Zoning Board of Appeals of the Town of Enfield et al.

Baldwin, C. J., King, Murphy, Shea and Alcorn, Js.

Argued April 6—decided June 6, 1961

*Robert B. Berger,* with whom was *Charles B. Alaimo,* for the appellants (plaintiffs).

*Paul M. Palten,* with whom, on the brief, was *Charles Alfano,* for the appellees (defendants Maggio et al.); with him also were *Leroy E. Schober* and, on the brief, *Walter Dudek,* for the appellee (named defendant).

BALDWIN, C. J. The plaintiffs are property owners claiming to be aggrieved by the action of the defendant zoning board of appeals, which in 1958 granted a variance of the zoning ordinance of the town of Enfield on the petition of the defendants Alice M. Maggio and Stop and Shop, Inc. Alice M. Maggio operated a grocery store at 500 Enfield Street, where she sold beer under a grocery store beer permit. See General Statutes § 30-20 (c). Stop and Shop, Inc., operated a supermarket at 481 Enfield Street, across the road from the Maggio store, but did not have a grocery store beer permit. The zoning regulations for the area, zoned for business, had been amended to allow supermarkets. They attracted business away from the Maggio store. Stop and Shop, Inc., was willing to purchase the Maggio business if the grocery store beer permit could be transferred to the Stop and Shop location. Alice M. Maggio was to be the permittee and operate the beer concession in the new location.

Section 7B (a) of the Enfield zoning ordinance (1948, as amended) forbids the use of any premises for the sale of alcoholic liquors or beer if the entrance to them is within 1000 feet in a direct line from the entrance to any other premises where alcoholic beverages are sold. The defendants claim

that there is no evidence in the case to show that there are, within 1000 feet of the Stop and Shop store, other premises wherein alcoholic beverages are sold. The defendants are not in a position to advance this claim. Alice M. Maggio and Stop and Shop, Inc., applied for a variance, and the board granted it, presumably because of the fact that there were, within 1000 feet of the Stop and Shop supermarket, other liquor outlets. The appeal to the Court of Common Pleas was considered by the parties and the court on the assumption of this fact, and we will follow the same course. *Anselmo* v. *Cox,* 135 Conn. 78, 79, 60 A.2d 767; *Stavola* v. *Bulkeley,* 134 Conn. 186, 189, 56 A.2d 645.

Section 10 (a) of the zoning ordinance provides: "The Board of Appeals shall have power to alter, vary or modify the application of any provision of this ordinance upon appeal within the limits prescribed by law . . . ." General Statutes § 8-6 (3) gives to zoning boards of appeals the power to "vary the application of the zoning . . . ordinances . . . in harmony with their general purpose and intent . . . solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such . . . ordinances . . . would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." There is nothing in the case at bar to show that the property of Stop and Shop, Inc., is affected by the ordinance any differently from any other property in the town located within 1000 feet of premises wherein alcoholic beverages are sold. *Murphy, Inc.* v. *Board of Zoning Appeals,* 147 Conn. 358, 360, 161 A.2d 185; *Wil-Nor Corpora-*

*tion* v. *Zoning Board of Appeals,* 146 Conn. 27, 30, 147 A.2d 197; *Talmadge* v. *Board of Zoning Appeals,* 141 Conn. 639, 643, 109 A.2d 253. On the evidence before the board, it could not have reasonably concluded otherwise than that the hardship claimed was the financial loss suffered by Alice M. Maggio and Stop and Shop, Inc. While financial loss may be a factor, alone it is insufficient to establish a hardship which justifies the granting of a variance. *Forbes* v. *Zoning Board of Appeals,* 146 Conn. 547, 550, 153 A.2d 458; *Lindy's Restaurant, Inc.* v. *Zoning Board of Appeals,* 143 Conn. 620, 623, 124 A.2d 918; *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 585, 95 A.2d 792.

The board, in its minutes, stated as bases for its decision that a transfer of the grocery store beer permit from the Maggio store to the Stop and Shop store would not increase the number of outlets for the sale of beer, that it would allow Stop and Shop to be a fully integrated and complete shopping center in that it would have—presumably as the two other supermarkets in the area do—a grocery store beer permit, and that the transfer would be in harmony with the general purpose of the zoning ordinance as it concerns the particular area. The 1000-foot restriction in the ordinance constitutes a definite declaration of legislative policy, and the power to modify it on the grounds stated by the board for the granting of the variance rests in the legislative body of the town and not in the zoning board of appeals. *O'Connor* v. *Board of Zoning Appeals,* 140 Conn. 65, 68, 98 A.2d 515.

The defendants claim that if the action of the board cannot be sustained as a variance, it can be upheld as an exception which it is within the power of the board to allow. This claim is without merit

for the reasons stated in *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 668, 154 A.2d 520.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.