ANTHONY F. CYMERYS *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF WINDSOR LOCKS ET AL.

BALDWIN, C. J., KING, MURPHY, ALCORN and COMLEY, Js.

Argued June 7—decided July 18, 1963

*Paul M. Palten,* with whom, on the brief, was
*Charles Alfano,* for the appellant (plaintiff).

*John D. LaBelle,* with whom were *Seymour A. Rothenberg* and, on the brief, *Richard C. Woodhouse,* for the appellees (defendants Jarvis et al.); with him also was *Anthony C. Ward,* for the appellee (named defendant).

BALDWIN, C. J. The defendant zoning board of appeals of Windsor Locks granted a variance in the application of § 8.8 (a) of the zoning ordinance of the town to certain lands owned by the defendant Alexander Jarvis and leased by him to the defendant Henry P. Carville. Section 8.8 (a) of the ordinance provides in substance that no premises shall be used for selling or exchanging alcoholic beverages, at wholesale or retail, for consumption on or off the premises, if the premises are within 2000 feet, in a direct line, from any other premises which are used for any of those purposes. The plaintiff, a nearby property owner claiming to be aggrieved by the board's action, appealed to the Court of Common Pleas, which rendered judgment sustaining the board. The plaintiff has appealed from that judgment.

The board's action was predicated on § 8-6 (3) of the General Statutes, which empowers a zoning board of appeals to vary the application of the zoning regulations where, "owing to conditions especially affecting . . . [a] parcel [of land] but not affecting generally the district in which it is situated, a literal enforcement of . . . [the] regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." A hardship under this provision must differ in kind from the hardship imposed on properties generally by the regulations. *Makar* v. *Zoning Board of Ap-*

*peals,* 150 Conn. 391, 396, 190 A.2d 45; *Benoit* v. *Zoning Board of Appeals,* 148 Conn. 443, 445, 172 A.2d 71. "The conditions created by the operation of the regulations must be peculiarly oppressive to the applicant's property." *Makar* v. *Zoning Board of Appeals,* supra, 397; *Murphy, Inc.* v. *Board of Zoning Appeals,* 147 Conn. 358, 360, 161 A.2d 185.

The conclusions of the board, which are set forth in full in the minutes, show that it relied on the following facts: The land for which the variance was granted, hereinafter referred to as the Carville-leased property, is substantially 600 by 400 feet in area and is located in a business zone on the easterly side of Turnpike Road, a north-south artery in Windsor Locks. It is proposed to erect a motel and restaurant on the premises. On the westerly side of Turnpike Road, and opposite the business zone for more than its entire length, lies Bradley Field, a large airport. A restaurant with a permit for the sale of alcoholic liquors is 1532.54 feet south of the Carville-leased property, and a package store for the sale of alcoholic liquors is 627 feet north of it. One of the main flight paths of planes using Bradley Field extends in a northwesterly-southeasterly direction across the business zone just south of the Carville-leased property. The number of uses for which the properties in this zone can be developed is reduced by airport zoning regulations restricting the height of structures on lands adjoining the airport. The use of the Carville-leased property for a motel and restaurant would fulfil a community need, conform to the comprehensive land-use plan of the town and not be adverse to the community's health and welfare. A motel and restaurant at this location would not be economically feasible without a restaurant liquor permit.

These facts do not spell out a hardship peculiar to the Carville-leased property. The restriction imposed by § 8.8 (a) of the zoning ordinance affects, in substantially the same manner, all of the other properties in this business zone or, for that matter, adjacent to the airport. The hearing before the board presented a matter suitable for legislative action by the town planning and zoning commission but not for administrative action by the zoning board of appeals. *Benoit* v. *Zoning Board of Appeals,* supra, 446; *O'Connor* v. *Board of Zoning Appeals,* 140 Conn. 65, 68, 98 A.2d 515. "The power to determine what are the needs of a town with reference to the use of the real property located in it and to legislate in such a manner that those needs will be satisfied is, by statute, vested exclusively in the zoning commission. . . . The zoning board of appeals has quite a different function. It stands between the public and the individual property owner to protect the latter from unnecessary hardship—hardship, that is, which, owing to some condition affecting his land peculiarly, he would suffer when it is not necessary for him to do so in order to effectuate the general plan of zoning adopted for the community as a whole." *Finch* v. *Montanari,* 143 Conn. 542, 545, 124 A.2d 214; *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 635, 109 A.2d 256; *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 600, 108 A.2d 899. The board exceeded its powers in granting the variance.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.