EDWARD C. MALMSTROM ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

386

Argued December 2, 1964—decided February 9, 1965

*Thomas H. Corrigan,* for the appellants (plaintiffs).

*Francis V. Manion,* for the appellee (defendant Associated Building Company), with whom was

*Joseph J. Burns,* assistant corporation counsel, for the appellee (named defendant).

MURPHY, J. The Associated Building Company, hereinafter called the defendant, is the owner of two lots on the south side of Victoria Road in Hartford and abutting the Wethersfield town line. The easterly lot, No. 9, is 66.5 feet wide and lies 76 feet west of Wethersfield Avenue in a business zone. Lot 11 adjoins it on the west. It is 60 feet wide and is in a residence B zone. The zoning board of appeals granted the application of the defendant for a variance to permit it to erect a two-story office building on lot 11 and to use lot 9 for parking eleven automobiles. The plaintiffs, neighboring property owners, appealed to the Court of Common Pleas, which rendered judgment sustaining the action of the board, and they have appealed from that judgment.

This application was the third attempt by the defendant to obtain permission from the board to use these lots at variance with the uses permitted in their respective zones. Apparently acting on the assumption that the board was familiar with the history of these particular lots, the defendant did not develop its case in depth before the board as would be done ordinarily on an original application. Fortunately, it is possible to construct a major portion of the background from the questions and answers of the witnesses in the hearing before the board and from the statements in the briefs. The plaintiffs lay particular stress on their claim that the action of the board was arbitrary, illegal and in abuse of its discretion in that the defendant failed to show that there was difficulty or unreasonable hardship warranting the variance and that

there had been a material change in circumstances since the denial of a previous petition.

The defendant acquired lot 11 in 1955 in an exchange with the flood control commission of the city of Hartford for the lot on the southwest corner of Wethersfield Avenue east of lot 9. This exchange enabled the commission to construct a high flood control dike on the corner lot rather than on lot 11. The city also obtained a ten-foot right of way on lot 9 along its eastern and southerly boundaries. In 1958, the board denied the defendant's application for permission to erect a three-story building containing eighteen apartments. In December, 1961, the board conducted a hearing on the second application filed by the defendant. The defendant proposed to erect a two-story office building, a permitted use, on lot 9. It requested a variance of the zoning regulations, which require a ten-foot open space between the wall of such a building and the boundary line of an adjoining residence zone. Hartford Zoning Regs. § 42-10 (b) (1949, as amended). It also sought a variance to allow parking of twenty-five automobiles on lot 11 as an accessory use to the building. § 42-15 (b). To the west of lot 11 is a convalescent home, a nonconforming use in a residence zone. It has a parking area on the east side of its property abutting lot 11. The city plan commission, although conceding the desirability of the proposed use, frowned upon the plan insofar as it would locate two parking areas adjacent to one another and create a broad expanse of black top pavement, which would be particularly objectionable in a residential district. This application was denied on January 16, 1962.

Thereafter, the defendant revised its plan and submitted the present application, which the board

heard and granted on February 13, 1962. Under the revised plan, the office building would be erected on lot 11, thus eliminating the feature to which the city plan commission objected, because the revised plan provided for accessory parking on lot 9 without encroaching on the city's right of way. The report of the city plan commission stated that since lot 11 lies between a business zone and the commercial convalescent home operation, there is little likelihood that a two-family house would be erected on the lot. The dike on the corner lot extends southwesterly along the rear boundaries of both of the defendant's lots. In addition, the underground Folly Brook conduit runs diagonally through lot 9.

It was quite apparent to the board that because of the location of these two lots and the construction of the dike, the defendant could not construct an office building on lot 9, despite the fact that lot 9 was zoned for business, because it was not large enough to provide the parking area which is essential in modern planning and construction. The ten-foot right of way and the required ten-foot wide separation strip next to the residence zone of lot 11 reduces the usable width of lot 9 to 46.5 feet. The block on Victoria Road in which this property is located extends from Wethersfield Avenue to Franklin Avenue, two major arteries of traffic between Hartford and Wethersfield. Both sides of the two avenues are zoned for business. The building housing the state highway department and its adjacent large parking area are on the east side of Franklin Avenue, south of the town line in Wethersfield. There is considerable vehicular traffic on Victoria Road, an objectionable feature on a residential street.

Section 42-20 (3) of the Hartford zoning regula-

tions authorizes the zoning board of appeals to grant variances from the strict application of the regulations to a specific lot or piece of property where, by reasons of exceptional shape, exceptional topography or other exceptional situations or conditions, unusual difficulty or unreasonable hardship would result to the owners of such property, provided that relief can be granted without impairment of the integrity of the regulations and without substantial detriment to the public welfare. Special circumstances must attach to the property which do not generally apply to other property in the same neighborhood. From the evidence presented to the board, coupled with the board's knowledge of the conditions which would militate against the use of lot 11 for a residence and lot 9 for a business, the board could reasonably conclude that the zonal classification permanently restricted the enjoyment of this property to such an extent that it could not be used for any reasonable purpose. *Del Buono* v. *Board of Zoning Appeals,* 143 Conn. 673, 678, 124 A.2d 915; *Goldreyer* v. *Board of Zoning Appeals,* 144 Conn. 641, 645, 136 A.2d 789. Zoning in Hartford antedated the construction of the dike, a situation which materially affects the validity of the restrictions imposed on this property. The difficulty and hardship created thereby are sufficient to permit the board to vary the regulations as requested. *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 52, 118 A.2d 894. The relief sought in this instance would not impair the integrity of the zoning regulations or be substantially detrimental to the public welfare.

Ordinarily, an administrative agency cannot reverse a prior decision unless there has been a change of conditions or other considerations have

intervened which materially affect the merits of the matter decided. *Fiorilla* v. *Zoning Board of Appeals*, 144 Conn. 275, 278, 129 A.2d 619; *Mynyk* v. *Board of Zoning Appeals*, 151 Conn. 34, 37, 193 A.2d 519. Whether the board considered this case as one to which that rule applies does not appear. The board may have regarded the present application as one presenting such a different proposal that it could be considered as an original application. In either event, it was for the administrative agency in the first instance to decide in which category the application belonged. *Fiorilla* v. *Zoning Board of Appeals*, supra, 279. If we assume, without deciding, that the board treated this application as one in which the relief sought was substantially the same as that sought in the prior request, it does not appear that the board has abused its discretion. The change in the location of the building and the parking area, the reduced size of the parking area, the elimination of contiguity of parking facilities and the approval of the new layout by the city plan commission were factors which the board could properly consider in determining the matter.

There is no error.

In this opinion the other judges concurred.