## Samuel I. Ward et al. *v.* Zoning Board of Appeals of the Town of Hartford et al.

King, C. J., Murphy, Shannon, House and Cotter, Js.

Argued October 6—decided November 24, 1965

*Robert E. Thorne,* with whom, on the brief, was *R. Graeme Smith,* for the appellants (plaintiffs).

*Joseph G. Lynch,* with whom was *Warren S. Randall,* for the appellee (defendant Keefe); with him also were *Cornelius J. Shea,* assistant corporation counsel, for the appellee (named defendant), and, on the brief, *Ferdinand D'Esopo,* for the appellees (defendants D'Esopo).

COTTER, J. This appeal again raises the question of the sufficiency of the grounds upon which a local zoning authority may grant a variance in the strict application of a municipal zoning ordinance. The defendants Carmela M. and Teresa M. D'Esopo, as owners, and the defendant William P. Keefe, as prospective purchaser, applied to the defendant zoning board of appeals for a variance to permit the location of two doctors' offices in the D'Esopos' one-family residence at 240 Ashley Street in Hartford and for a special exception to allow seven parking spaces in the rear of the premises. The plaintiffs, owners of a two-family residence in the immediate vicinity, appeared at the public hearing in opposition. The board granted the variance and exception, and the plaintiffs brought an appeal to the Court of Common Pleas. The present appeal results from a judgment dismissing the appeal in that court. Only that portion of the appeal dealing with the granting of the variance has been pursued.

The plaintiffs claim, inter alia, that there was insufficient evidence from which the board could find the necessary prerequisite of hardship. The Hartford zoning ordinance, as well as the Hartford city charter, explicitly limits the granting of a variance to those situations where a hardship or unusual difficulty exists. Hartford Zoning Regs. §§ 38-27 (3), (5); Hartford Charter, c. 19, § 11 (1960 as amended); 25 Spec. Laws 87, § 11 (as amended, 28 Spec. Laws 843, § 6).[1] The hardship requirement is a fundamental one in zoning law and has been discussed in innumerable opinions of this court in recent years. See, e.g., *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 211 A.2d 687; *Cymerys* v. *Zoning Board of Appeals,* 151 Conn. 49, 193 A.2d 521; *Makar* v. *Zoning Board of Appeals,* 150 Conn. 391, 190 A.2d 45. One seeking a variance must show that his property is peculiarly disadvantaged by the operation of the zoning ordinance and not merely that a general hardship, equally applicable to other properties in the neighborhood, results from a strict enforcement of the code. *Malmstrom* v. *Zoning Board of Appeals,* 152 Conn. 385, 390, 207 A.2d 375; *Cymerys* v. *Zoning Board of Appeals,* supra, 51; *Makar* v. *Zoning Board of Appeals,* supra, 396; *Murphy, Inc.* v. *Board of Zoning Appeals,* 147 Conn. 358, 360, 161 A.2d 185. Evidence of financial considerations, short of a drastic

---

[1] Section 38-27 (3) of the Hartford zoning ordinance, which both parties have cited as applicable to this case, authorizes the board to grant variances "where, by reason of exceptional shape, exceptional topography or other exceptional situations or conditions, unusual difficulty or unreasonable hardship would result to the owners of such property . . . . Before any variance is granted, it shall be shown that special circumstances attach to the property which do not generally apply to other property in the same neighborhood."

depreciation in the value of the property, will not suffice. *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894; *Makar* v. *Zoning Board of Appeals,* supra, 395.

We have many times declared that it is desirable for the board to state its reasons for granting a variance. If it does not, the court must search the record to attempt to find some basis for the action taken. *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 268, 196 A.2d 758. If none is found, the action of the board cannot be upheld.

The property in the present case is located in a residential zone and had been used for residential purposes by the D'Esopo family for twenty-eight years prior to the application for this variance. The record indicates that the applicants based their request on the grounds that the area in question was dominated by the Saint Francis Hospital and that doctors' offices represented the most appropriate use to which the D'Esopo property could be put at the time of the application. The applicants stated that most of the surrounding properties were two-family and three-family houses, while theirs was a one-family residence, but they did not indicate any way in which the zoning regulations imposed a particular burden on the latter type of dwelling. It was also mentioned that the frontage of the subject property was only forty feet, but nothing was said concerning the frontage of the other lots in the immediate neighborhood. There was no specific assertion that the property could not be used for residential purposes, as it had been for twenty-eight years prior to the application.

On the record, there is nothing which significantly distinguishes the D'Esopo property from other residential property in the same area. When a

zoning board of appeals grants a variance on grounds which apply equally to a large number of properties in a given area, it in effect establishes a new zoning regulation applicable to that area. However, the establishment of and changes in general zoning regulations are a legislative function, properly carried out in Hartford only by the city council,[2] and when the board uses its variance power to change these general rules, it encroaches on this legislative area and thereby acts in abuse of its discretion. The fact that no similarly situated property owners have actually requested variances is of no import, as long as it appears that the rationale behind the granting of a variance for one piece of property would apply in like manner to the surrounding properties.[3] Arguments concerning the general unsuitability of a neighborhood to the zoning classification in which it has been placed are properly addressed to the promulgators of the ordinance and not to those who have been empowered to grant variances. See *Finch* v. *Montanari,* 143 Conn. 542, 545, 124 A.2d 214. The granting of a variance must be reserved to those situations involving exceptional or unusual circumstances. *Makar* v. *Zoning Board of Appeals,* 150 Conn. 391, 394, 190 A.2d 45; *Mabank Corporation* v. *Board of Zoning Appeals,* 143 Conn. 132, 136, 120 A.2d 149.

The case of *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 99 A.2d 149, relied upon by the defendants as an authority in this regard, requires some discussion. The appeal in that case was from

[2] Hartford Charter, c. 19, §§ 6, 7; 25 Spec. Laws 84 § 6, 85 § 7 (as amended, 28 Spec. Laws 843, § 6).

[3] The D'Esopo residence was the second one on this block for which a variance to allow doctors' offices had been sought and approved.

the board's granting of a variance for the conversion of a private residence into doctors' offices, the seventeenth such variance which had been granted in the neighborhood in question. In upholding the board's action, the court may seem to have condoned the board's use of its variance power to alter the zoning classification of an entire neighborhood. Such a practice is incompatible with established zoning procedures and ignores the rule, so often emphasized by this court, that a variance may not be granted unless the applicant can show that the zoning ordinance works a distinct hardship on his particular piece of property and not merely a general hardship on the neighborhood at large. See, e.g., *Malmstrom* v. *Zoning Board of Appeals,* 152 Conn. 385, 390, 207 A.2d 375; *Cymerys* v. *Zoning Board of Appeals,* 151 Conn. 49, 51, 193 A.2d 521; *Makar* v. *Zoning Board of Appeals,* supra, 396; *Murphy, Inc.* v. *Zoning Board of Appeals,* 147 Conn. 358, 360, 161 A.2d 185; *Talmadge* v. *Board of Zoning Appeals,* 141 Conn. 639, 643, 109 A.2d 253; *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 600, 108 A.2d 899. The criteria discussed in the *Parsons* case might mislead property owners and zoning officials by encouraging them to justify variances on the basis that one piece of property is under just as great a hardship as another for which a variance has already been granted. It requires no great insight to realize that such a practice can lead to a chain reaction effect, reinforcing the justification for each new variance on the ground that the "whole area is changing." A board which approves variances in such a fashion undertakes zoning legislation on an ad hoc basis and abuses the discretion with which it has been vested. To the extent that *Parsons* v. *Board of Zoning Appeals,* supra,

approves this practice, we cannot follow it. Cf. Greenberg, "Zoning in Connecticut—Substantive Standards for Variances, Special Exceptions, and Amendments," 29 Conn. B.J. 103, 109.

The record in this case fails to demonstrate that a strict application of the ordinance created an unreasonable hardship or had any adverse effect on the property of the defendant applicants in comparison with other properties in the same general area. Without such a showing the applicants would not be entitled to a variance.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.