[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Jonas G. and Brigitte Varady have appealed a unanimous decision of the defendant, Torrington Zoning Board of Appeals denying their request for a variance of side yard requirements for their property located at 71 Allen Road, Torrington, Connecticut. The variances sought are 8.8 feet on the southeast side yard and 1.1 feet on the northwest side.
The applicants claim an unreasonable hardship in that if the variances are denied they will have to remove an attached sunroom on the southeast side and a foundation on the northwest side. They claim that on the southeast side a survey was done by their neighbor after the sunroom was added which resulted in a ten foot loss of property. On the other side, a contractor was hired to install the foundation which he placed too close and then abandoned the project. Finally, Mr. and Mrs. Varady claim that at all times they acted in good faith.
The public hearing was held on the application on August 13, 1990 and thereafter it was unanimously denied. The reasons given by the board were that the hardship was self imposed, that the applicants should know their property lines and that they should be responsible for permits,
A variance is authority extended to the owner to use his property in a manner forbidden by the zoning enactment. Mitchell Land Co. v. Planning Zoning Board of Appeals, 140 Conn. 527, 532. It is a prohibited use or structure that is permitted by the board, pursuant to its authority under the regulations. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 710 (1988). CT Page 6919
The showing of hardship is essential to the granting of a variance. Ward v. Zoning Board of Appeals of Town of West Hartford, 153 Conn. 141
(1965). The hardship necessary to justify the granting of a variance must differ in kind from the hardship imposed upon the properties in the same zone by the literal enforcement of the zoning regulations. Cymerys v. Zoning Board of Appeals of Town of Windsor Locks, 151 Conn. 49
(1963).
The meaning of exceptional difficulty or unusual hardship as used in 8-6 of the General Statutes has been the subject of much litigation. "It is well-settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner." Smith v. Zoning Board of Appeals of the Town of Norwalk,174 Conn. 323 (1978). Belknap v. Zoning Board of Appeals of the Town of Easton, 155 Conn. 380 (1967).
In the present case, the plaintiffs have failed to show such a hardship. Any hardship that they claim was created by them. A hardship that is self-created is never proper grounds for a zoning variance. Aitken v. Zoning Board of Appeals of Town of Branford, 18 Conn. App. 195
(1989). Where a voluntary act on the part of the property owner creates the hardship, the zoning authority lacks the authority to grant a variance. Spencer v. Zoning Board of Appeals of Town of Stratford,15 Conn. App. 387 (1988); Able v. Zoning Board of Appeals, 172 Conn. 286
(1977); Pollard v. Zoning Board of Appeals, 186 Conn. 32 (1982).
Any hardship the plaintiffs suffer was of their doing. They had the sunroom built and the foundation poured. They cannot say that the hardship was not self-created because they did not do the work themselves. Their agents and/or employees did the work. In a case similar to the one at bar, the supreme court upheld the board's action in denying a variance. In the case of Highland Park, Inc. v. Zoning Board of Appeals of Town of North Haven, 155 Conn. 40 (1967), the plaintiff built a house five feet from the side yard in a zone with a ten foot side yard requirement. The plaintiff thereafter applied for a variance on the grounds that an error was made by either the surveyor or the foundation contractor. The court dismissed the appeal holding that any hardship present was due to the property owners own error or the error of those employed by the owner and did not arise from the application of the zoning regulations themselves. Highland Park, supra; Wil-Nor Corp. v. Zoning Board of Appeals of Town of Norwalk, 146 Conn. 27 (1985). In another similar case, Misuk v. Zoning Board of Appeals of City of Meriden, 138 Conn. 477 (1952), the plaintiff and his contractor measured the property line from a pipe they thought was the boundary. They did nothing to ascertain where the real property line was and the court dismissed the appeal as the hardship was self-created. The court went further and stated the plaintiff's conduct might well be classified as reckless. In this case any hardship that exists was self-created. CT Page 6920
The power of the zoning board of appeals to grant variances is to be sparingly exercised and is to be used only to avoid unnecessary hardship of different kinds from that imposed upon properties in general by the zoning regulations. Talmadge v. Board of Zoning Appeals of the City of New Haven, 141 Conn. 639 (1954).
Section 100 of the zoning regulations of the City of Torrington states:
 Section 100 — Purpose: The purpose of this ordinance is to promote health, safety and the general welfare and to encourage the most appropriate use of land throughout the City of Torrington in accordance with a Comprehensive Plan, and to this end to regulate the height and size of buildings and other structures, the density of population, and the location and use of buildings, structures and land for business, industry, residence or other purposes; to establish zones and define the boundaries thereof; and to provide for the method of administration and amendment for a board of appeals and for the imposition of penalties.
The purpose of the zoning regulations is to regulate the use of land in the various zones including the side yard setbacks. The plaintiffs argue that allowing their two additions to remain will not impair the integrity of the Torrington Zoning Regulations. The must appropriate use of the plaintiffs land is that use which conforms to the zone within which it lies. The plaintiffs may not be allowed to benefit from their own actions which are in violation of the zoning regulations.
The plaintiffs claim that the defendant erred in denying their variance request because they will be adversely affected by that denial. The plaintiffs argument that they will suffer a financial loss if they are made to tear down the two additions they illegally constructed on their property. However, financial loss to the applicant is not a proper basis for granting a variance. Garibaldi v. Zoning Board of Appeals of the Town of Norwalk, 163 Conn. 235 (1973). Krejpcio v. Zoning Board of Appeals of the City of Hartford, 152 Conn. 657 (1965).
The plaintiffs have alleged that the defendant, Torrington Zoning Board of Appeals must be estopped from enforcing its zoning regulations as city officials issued the plaintiffs a zoning permit and a building permit for the sun room. The plaintiffs argue that it would be highly inequitable and create a hardship to them if the defendant were able to enforce its zoning regulations. It is a well settled general rule that estoppel may not be invoked when a government is functioning in its governmental capacity. Town of West Hartford v. Gelinas, 18 Conn. App. 688
(1989); Kimberly Clark Corporation v. Dubno, 204 Conn. 137 (1987). Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344 (1976). That general rule does contain an exception. "A municipality may be CT Page 6921 equitably estopped from enforcing its zoning laws. (1) When a violation has been unjustifiably induced by its agents who have authority in such matters. (2) When special circumstances make it highly inequitable or oppressive to enforce them. (3) When great caution has been exercised. Gelinas, supra. Carofano v. Bridgeport, 196 Conn. 623 (1985). Zoning Commission of the Town of Sherman v. Lescynski, 188 Conn. 724 (1982). Additionally, the person claiming estoppel must show that he exercised due diligence to ascertain the truth, and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge. Dupuis, supra. Linahan v. Linahan, 131 Conn. 307. For a person to successfully assert an equitable estoppel claim against a municipality, each prong of that test must be satisfied. The plaintiffs estoppel argument is essentially that they were issued a zoning permit and a building permit for the sun room addition, and that neither of those permits required that a survey be performed. The plaintiffs argue that this permitting process unjustifiably induced them to violate the zoning regulations. This claim clearly must fail.
A building permit is not issued until a zoning permit has been obtained by the applicant. The building permit is issued based upon the information supplied in the zoning permit. Section 602 of the Torrington Zoning Regulations. The application for a zoning permit is governed by Section 601.3 of the Torrington Zoning Regulations. It states:
 Application for a zoning permit shall be made in writing by the property owner of record or his authorized agent to the City Planner or his designee upon such forms as shall be supplied by the City Planner. Such application shall be accompanied by the following. (1) In the case where site plan approval is not required, a plot plan showing (a) boundaries and dimensions of the property (b) existing and proposed building or structures (c) existing and proposed setback distances. Such plan shall be sufficient in scale for the City Planner or his designee to determine that all requirements of the Zoning Regulations and all other applicable permits have been met. . .
Therefore, all the information on the zoning permit is supplied by the applicant. The information suppled on the zoning permit for the sun room was supplied by a Mr. Robertson, the Plaintiffs' agent. The information was supplied to Mr. Robertson by Mr. Varady. Mr. Varady's testimony at trial was consistent with this as well. The zoning permit contains a statement, "I, the undersigned applicant, understand that this zoning permit is hereby applied for in accordance with the requirements of the Zoning Regulations for the City of Torrington. This permit is based upon the information submitted by me, and that falsification by misrepresentation, omission or failure to comply with the conditions of approval shall constitute a violation of the Zoning Regulations." The issuance of a zoning permit and subsequent to that a building permit were based upon information which was supplied by the plaintiffs. It CT Page 6922 cannot be said then, that City Officials unjustifiably induced the plaintiffs to violate the zoning regulations. The plaintiffs, by supplying city officials with inaccurate information, induced them to issue the building permit and zoning permit. The plaintiffs have not met their burden to show that they exercised due diligence to ascertain the truth of the information supplied on their application for a zoning permit. The court cannot find that the City unjustifiably induced the plaintiffs to violate the zoning regulations.
The plaintiffs further argue that the zoning violation existed for one year and a half before they were so informed by city officials of the existence of the zoning violation. The plaintiffs claim that the equitable principal of laches should present the City from enforcing its zoning regulations. However, the courts in this state have made it clear that a zoning commission cannot be estopped by laches from enforcing its zoning regulations, Town of West Hartford v. Rechel,190 Conn. 114 (1983). Bianco v. Town of Darien, 157 Conn. 548 (1969). Therefore, the issue of lapse of time between the alleged violation and the City's attempt at enforcement may not be considered,
For the reasons set forth, the appeal is dismissed.
Pickett, J.