[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the New Fairfield Zoning Board of Appeals (hereafter called the "Board") granting a setback variance on property owned by the CT Page 2596 defendants, Herbert Nowack and Constance Nowack. The property for which the variance was granted consists of 0.46 acres in a one acre (R-44) zone. The Nowacks purchased the property in 1959. While the history of the lot is not entirely clear from the record, one of the owners indicated at the public hearing that the parcel was one of seven building lots in an "older zoning area," suggesting that the lot preexisted zoning or an upgrading of the minimum lot size in the area. In any event, the Board proceeded on the basis that the subject property was a valid nonconforming lot, and the record indicates that the application was made with the knowledge of the Zoning Enforcement Officer. Under section 3.2.4 of the New Fairfield Zoning Regulations, the front yard, side yard and rear yard setbacks in the R-44, one acre zone are respectively 40 feet, 20 feet and 50 feet. If the setbacks are applied to the subject property of 0.46 acres, it leaves a building area within the setback lines of 10 feet by 115 feet. The subject property has 184 feet of frontage on Inglenook Road, and the initial variance application submitted (and the variance finally granted by the Board) did not request any variance of either the front or side yard setbacks. The only requested variance was for a rear setback of 20 feet instead of 50 feet as required by section 3.2.4c of the Zoning Regulations. The rear property line is along a large parcel of undeveloped land used for a Girl Scout camp.
A public hearing was held on the application on June 25, 1992. At that time, the applicant proposed to build a house with dimensions of 39 feet by 48 feet containing three bedrooms. An attorney for the plaintiff opposed the application. The Board, apparently faced in the past with requests for variances on undersized lots, wanted specific plans. It directed the builder to rework the plans, and the application was renoticed for the Board meeting the following month. Another public hearing was held on July 30, 1992. At that time the Board meticulously reviewed the plans and listened to objections to the application. The size of the proposed house has been reduced somewhat since the prior application. The Board recognized that setback variances had been granted for two other properties in the neighborhood. (Exhibit 3b, Public Hearing of July 30, 1992, pp. 14, 15.) After extensive discussion of the proposed house, its elevation, location and the setbacks, the Board made some changes, which had the effect of reducing the dimensions of CT Page 2597 the house. The Board granted a variance allowing a setback of 25 feet instead of the 20 feet originally requested of the 50 foot rear setback. The Board's minutes (Exhibit 2d) state: "A motion was made by Mr. Gioffe to grant the appeal as amended 35' by 43.6' with the elimination of rear turret, reduction of front deck and grading in front of home, the hardship being that the property has to be varied to construct a house." (See also Exhibit 3b, p. 23.)
A notice of the Board's decision was published on August 5, 1992 and the plaintiff brought this appeal on August 19, 1992. At the trial, the plaintiff testified and the defendants conceded that the plaintiff is the owner of land which abuts the 0.46 acre parcel for which the setback variance was granted. The plaintiff is statutorily aggrieved under section 8-8(a) of the General Statutes and has standing to maintain this appeal.
When a zoning board of appeals acts on a variance application, the court should not substitute its judgment for that of the board as long as an honest judgment has reasonably and fairly been made after a full hearing. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,731, 732, affirmed 211 Conn. 76. The question is whether the evidence in the record supports the conclusion reached. Farrington v. Zoning Board of Appeals, 177 Conn. 186, 190. In order for a zoning board of appeals to grant a variance under section 8-6(3) of the General Statutes, two conditions must be met: (1) the variance must be shown not to substantially affect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368; Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 709; Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 655; Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 204.
Whenever a zoning board of appeals grants a variance, it is required to state the reasons for its action. Section 8-7
of the General Statutes. Where the board fails to state its reasons for granting or denying a variance, the court must search the record to attempt to find some basis for the action taken. Hovanesian v. Zoning Board of Appeals,162 Conn. 43, 46; Grillo v. Zoning Board of Appeals, supra, 369; CT Page 2598 Stankiewicz v. Zoning Board of Appeals, 211 Conn. 76. Where reasons are stated for approval of the variance, the applicant has the burden of proof on the two part test for a variance. Carini v. Zoning Board of Appeals, 164 Conn. 169,171, 172; Ward v. Zoning Board of Appeals, 153 Conn. 141,144. The plaintiff argues that the Board failed to give a reason for the variance. However, the Board found hardship because "the property has to be varied to construct a house." (Exhibit 2d. See also Exhibit 3b, p. 23.) While the hardship and reason for the variance could have been more artfully stated, "[i]t must be borne in mind, however, that we are dealing with a group of laymen who may not always express themselves with the nicety of a Philadelphia lawyer. Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions." Couch v. Zoning Commission, 141 Conn. 349, 358.
It was obvious that applying the front, rear and side yard setbacks for the one acre zone contained in section 3.2.4 to the subject property of 0.46 acres would effectively preclude construction of a residence on it. On paper, the maximum width of the building, from outer wall to outer wall, would be 10 feet and it would be completely impractical to build a house of that width, even if allowed under the building code. The property is in a residential zone, where the only use permitted as a right is a residence. Section 3.2.1 New Fairfield Zoning Regulations. While some additional uses are allowed with a special permit (sections 3.1.2 and 3.2.2), they would all require a building area larger than a residence and would be less compatible with the surrounding residential district than a house. As a result, denial of any form of setback variance for the subject property would preclude its use for any purpose. The applicant does not own any surrounding property. Under the circumstances, denial of any use of the lot would amount to confiscation. Horwitz v. Waterford, 151 Conn. 320, 324. A practical confiscation occurs when an ordinance limits the use of land so that it cannot be utilized for any permitted purpose without a variance. Archambault v. Wadlow, 25 Conn. App. 375,382; Chevron Oil Co. v. Zoning Board of Appeals,170 Conn. 146, 152. Where the effect of applying the regulations to the property is so severe as to amount to practical confiscation, that is sufficient hardship to allow and even require the zoning board of appeals to grant a CT Page 2599 variance. Id., 152; Stankiewicz v. Zoning Board of Appeals,15 Conn. App. at 733-735; Malmstrom v. Zoning Board of Appeals, 152 Conn. 385, 390; Archambault v. Wadlow, supra, 383.
In this case, the Board only granted a variance of the rear setback line of 25 feet; neither the front nor side yard setbacks were varied. The rear of the property abuts the undeveloped Girl Scout tract. The Board carefully considered the design of the proposed building and its location on the lot. It made changes in the plans and reduced the size of the building to 35 feet by 43.6 feet, less than originally requested by the applicant.
While a zoning board of appeals cannot grant a variance for a use which is inconsistent with a general purpose and intent of the zoning ordinance or which impairs the integrity of the comprehensive plan, Whittaker v. Zoning Board of Appeals, supra, 656; Miclon v. Zoning Board of Appeals,173 Conn. 420, 423-424, if the use allowed by the variance is consistent with the other uses in the area, the first part of the variance test is complied with. Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, 564 (the granting of an area and setback variance was upheld where houses in the area of the applicant's property were built on lots which were of the same size or smaller and with similar setbacks). The record here indicates that there are other undersized lots in the area, and even though the proposed house may be larger than some of them, it is still consistent with the residential character of the neighborhood. The record also indicates that at least two other variances were granted for residential properties in the area. While the granting of other variances did not require the Board to grant this one, Haines v. Zoning Board of Appeals, 26 Conn. App. 187, 191, it is a relevant factor which the Board can consider when deciding to grant a similar variance for the subject property.
The Board within its discretion under the facts of this case could find hardship and that a granting of the variance requested would not adversely affect the comprehensive plan. A variance only requires exceptional difficulty or hardship and does not require a finding that enforcement of the zoning regulations would make the property practically worthless, Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636, CT Page 2600 although that would also be the case here. Moreover, even if the Board had not given a reason for granting a variance, a search of the record would disclose the facts previously stated, which adequately support the Board's decision to grant a variance.
The plaintiff's claim of self-created hardship is also rejected. The record discloses that the lot existed in 1959. The lot is now undersized since the zoning regulations were enacted or amended at some point after 1959 to require the minimum lot size of one acre. Where a lot becomes undersized as a result of action of the zoning commission in changing the ordinance, the property owner may obtain a variance. Kulak v. Zoning Board of Appeals, 184 Conn. 489, 492; Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296,300-301; Whittaker v. Zoning Board of Appeals, supra, 658. The right to use a nonconforming lot is not forfeited by a purchaser who takes with knowledge of the regulations, and the nonconformity is a vested right which adheres to the land itself. Petruzzi v. Zoning Board of Appeals, 176 Conn. 479,483; Adolphson v. Zoning Board of Appeals, supra, 712. Accordingly, a person who buys a nonconforming lot has the same right to obtain a variance as the seller of the property and is not barred from obtaining a variance by the purchase with knowledge rule. Petruzzi v. Zoning Board of Appeals, supra, 483; Johnny Cake, Inc. v. Zoning Board of Appeals, supra, 300, 301; Kulak v. Zoning Board of Appeals, supra, 482. This is not a situation of self-created hardship. The property owner is not required to construct a building on a lot merely because the zoning commission is about to change the zoning regulations, and the effect of the change will be to make the lot nonconforming.
The appeal is dismissed.
Robert A. Fuller, Judge