[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter deals with the granting of a variance by the defendant Board to allow the grantee the right to maintain a swimming pool in violation of the setback.
The court held a hearing on April 6, 1997. The plaintiff, Michael Giglio, appeared and produced a warranty deed showing that he was an abutting landowner to the subject property. The court finds the plaintiff to be an aggrieved party.
On July 15, 1994, Dennis R. Corriveau filed an application for construction of a swimming pool at 140 Mill Pond Heights Road, with the zoning office. The contractor was Jean Faivre. The application was accompanied by a proposal showing the layout of the house with the pool lines sketched in. The pool was well within the setback lines of 15 ft. as required by the regulations. All of the restrictions of the regulations were met. (Sec. 25.4.13, Zoning Reg.)
The applicant, Michael Giglio, purchased the lot and dwelling easterly of the subject dwelling, on October 19, 1993.
On or about June 1, 1996, said Giglio filed a complaint to the zoning officer that the pool was located 3 feet from his joint property line with Mr. and Mrs. Dennis R. Corriveau. A notice of impending action was sent to Maryellen Corriveau, to file for a variance.
A hearing on the variance was held on September 19, 1996. The only evidence of hardship was offered by the property owner, who stated that she could not afford to move the pool. A copy of an "as built" signed by Dennis R. Corriveau, was included in the application.
The hardship was discussed very little. "The hardship was that there isn't a hardship, but I'm in favor of leaving the pool up. Granting it." (T. 23).
This is in direct violation of the statute. Section 8-7 of the General Statutes reads as follows: ". . . when a variance is CT Page 4433 granted, [the board must] describe specifically the exceptional difficulty or on unusual hardship on which its decision is based." The application was passed by a 4-1 vote.
 "Because the board did not furnish its reasons for granting the variance, it was necessary for the trial court to search the record to find some basis for the action taken. Ward v. Zoning Board of Appeals, 153 Conn. 141, 144, 215 A.2d 104 (1965). If no reason is found, the board's decision cannot be sustained. Id."
 "It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Ward v. Zoning Board of Appeals, supra, 145. Proof of hardship is a condition precedent to granting a variance. Point O' Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 365, 423 A.2d 90 (1979). The hardship must `arise from circumstances or conditions beyond the control of the property owner.' Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39, 438 A.2d 1186 (1982), quoting Smith v. Zoning Board of Appeals, 174 Conn. 323, 327, 387 A.2d 542 (1978). `Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances beyond the control of the party involved.' (Citations omitted.) Id., 39-40. It is well established that a hardship that is self-created is never a proper grounds for a variance. Id."
Aitken v. Z.B.A., 18 Conn. App. 195, 205-206.
The Supreme Court has decided the swimming pool issue. InHadik v. Z.B.A., 146 Conn. 737, it states as follows:
 "On the plaintiffs' own statement of facts, it is clear that any hardship in requiring the plaintiffs to relocate the swimming pool on their property to comply with the regulations affecting the location of structures in residence zones was of the plaintiffs' own making."
p. 738.
The plaintiff has met his burden. CT Page 4434
The board acted arbitrarily, illegally and in abuse of its discretion. The decision is reversed.
Robert P. Burns Judge Trial Referee