[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff herein, John H. Hoffer, appeals a decision of the defendant Zoning Board of Appeals of the Town of Oxford (ZBA) denying his application for variances of (1) Article 2, Section 28 regarding slopes of land in excess of 20° grade, (2) Article 5, Section 4 regarding (A) minimum configuration of lot shape of 160 feet on each side and (B) access and right of way. (ROR, Ex. 1).
The plaintiff owns seven (7) contiguous lots on Cherokee Drive and Osage Road as shown on Defendant's Ex. 22 (ROR, No. 22), a map of "Swan Lake Estates" dated May 1948.
The parties have stipulated as to the plaintiff's status as an "aggrieved person", thus providing the requisite standing of the plaintiff to pursue this appeal as required by Section 8-8
C.G.S.
The plaintiff as one of the grounds of appeal complained of in paragraph 10(a) that the ZBA failed to properly advise the plaintiff of its decision in accordance with statutory requirements but at the hearing on the appeal withdrew this claim.
The plaintiff also in paragraph 10(b) complained that the ZBA failed to properly designate alternate board members for absent members at a public hearing held on April 27, 1998 and for a board meeting of May 18, 1998 contrary to Sec. 8-5a C.G.S. The Record reflects (ROR, Ex. 13, minutes of meeting April 27, 1998, Ex. 14, minutes of meeting of May 18, 1998) that while there was no formal designation by the chairman as to the appointment of alternates to sit as regular members their presence was noted at the roll call as well as notice being taken of absent member(s) on each occasion. The Record also notes the presence of and the participation in the discussion of the application by and between the applicant plaintiff and the members of the panel. It is clear from the record that the alternate participated as a member of the panel without objection by the plaintiff albeit the lack of formal appointment on the record. No question has been raised by counsel for the plaintiff or the plaintiff himself as to the qualifications of the alternate as a duly appointed or elected CT Page 16116 member of the ZBA. To vacate the action taken by the ZBA following several meetings including public hearings including the presence of interested citizens on the grounds of a technical omission to formally designate an alternate to sit in the absence of a regular member when the record is clear that the plaintiff was fully aware of the composition of the board and participated in the discussion with the members would be to exalt form over substance which this court is unwilling to do. As to this ground of appeal, the appeal is denied.
Turning to the board's action on the several variances as requested by the plaintiff, the ZBA advised the plaintiff that his application was denied by written notice of May 21, 1998 (ROR, Ex. 12) and published notice on May 27, 1998 (ROR, Ex. 19) Since the decision on the application reflects only a denial of the application, the court is obliged to review the record to determine the basis for the denial and whether the record supports the action taken. Morningside Assn. v. Planning andZoning Board, 162 Conn. 154, 156.
The transcript of the regular meeting of April 27, 1998 (ROR, Ex. 20) reflects the board's consideration of the slope of the proposed building lot as being in excess of that permitted by the regulations as well as the lack of the plan to conform with the lot square requirement and the lack of compliance with access requirements.
While the plaintiff remarked at the hearing and in his appellant brief that variances have been granted on occasion in the past in this neighborhood, the court would observe that this has no bearing on whether a variance should be granted in a particular instance. Ward v. Zoning Board of Appeals,153 Conn. 141, 146.
The plaintiff also claims that because of the size and configuration of his property he cannot comply with the regulations and still utilize the property by construction of a dwelling. This he claims creates a hardship for which the requested variances should be granted. The court first notes that "the power to grant a variance is to be sparingly exercised",Celentano v. Zoning Board of Appeals, 584, 587. Where the basis upon which the claim of hardship rests is financial in nature, there rarely can be justification for a variance. Devaney v.Board of Zoning Appeals of The City of New Haven, 132 Conn. 537,542. In this case, the plaintiff offered evidence through a real CT Page 16117 estate appraiser that the plaintiff's lot with the requested variance would be worth $69,000 and without the variances only $5000-$10,000. This he claims constitutes a hardship in the first count of his complaint and in the second count an unlawful deprivation of property without due process of law. As to these grounds of appeal, the case of Libby v. Board of Zoning Appeals,143 Conn. 46, 51 points out: "where the application of zoning to a particular piece of property practically destroys or greatly decreases its value for any permitted use (underlining mine) to which it can reasonably be put, and where the application of the ordinance bears so little relationship to the purposes of zoning that, as to that property, the regulation is, in effect, confiscatory or arbitrary. See also Makar v. Zoning Board ofAppeals, 150 Conn. 391, 392. As testified to by the appraiser, the plaintiff's property has significant value in its undeveloped state and as observed by defendants counsel it has value as recreational property as do other lots of similar size in the Swan Lake Estates. It cannot be concluded that in this case the effect of existing zoning upon the plaintiffs property in particular is confiscatory.
A review of the record including Exhibit 13, Exhibit 20 and Exhibit 21 demonstrates that the ZBA took into account the plaintiff's claims over the course of several meetings and concluded that the plaintiff had failed to demonstrate a hardship sufficient to bypass the zoning regulations. With this the court agrees.
Accordingly, this appeal is dismissed.
George W. Ripley II Judge Trial Referee