[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are co-owners of a parcel of land (hereinafter referred to as the subject property) situated at the corner of Buckingham Street and Sunnyside Avenue, Watertown, on which there is located a two-family residential dwelling. On the opposite corner is a tavern which the plaintiffs, as owners, renovated and reopened in 1984. At that time, the plaintiffs obtained permission from the Watertown Planning and Zoning Commission to dedicate a portion of the subject property for use as a parking lot for patrons of the tavern. More recently, the plaintiffs sold the tavern property and in conjunction therewith executed a 99-year lease of the parking lot in favor of the new owners.
Early in 1990, the plaintiffs sought to divide the subject property into two separate lots, one lot to include the two-family dwelling and the other consisting of the parking lot. The proposal was intended to make possible an independent sale of the dwelling, its marketability being highly restricted by virtue of the parking area being a part of the overall parcel.
The proposed lot division resulted in a violation of Section 32.3.2 of the Watertown Zoning Regulations in that the proposed independent parking lot was not of sufficient shape to contain a square with a minimum dimension of seventy-five feet as required by the regulation. The plaintiffs applied, therefore, to the defendant for a variance to Section 32.3.2 which would permit the division. A duly advertised public hearing was held on May 23, 1990, at which the plaintiffs appeared through counsel and offered evidence. Following an on-site inspection of the premises by members of the defendant-Board, the defendant, at its regular meeting on June 27, 1990, unanimously denied the application. CT Page 4678
It is the court's finding that the plaintiffs who filed a timely appeal of the defendant's denial, are, as owners of the property, aggrieved by the decision. Bossert Corporation v. Norwalk, 157 Conn. 279, 285 (1968).
The thrust of the plaintiffs' appeal is their contention that a literal enforcement of the regulations results in exceptional difficulty or undue hardship to them in that existing conditions, while especially affecting the plaintiffs' parcel, do not affect the district in which the property is situated. They rely on the authority of Section 8-6 of the Connecticut General Statutes and Section 71.2.3 of the Watertown Zoning Regulations as authority for granting the application.
A zoning board is empowered to grant a variance when two basic conditions are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) strict adherence to the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the purpose of the zoning plan. Pollard v. Zoning Board of Appeals,186 Conn. 32, 38-39 (1982); Section 8-6 (3), Connecticut General Statutes, Rev. 1958 as amended.
The Regulations of the Town (Section 71.2.3) restate the statutory authority, and with regard to the key issue of hardship, (Section 71.3.3) require the board to find in granting a variance that the same is necessary to relieve the exceptional difficulty or unusual hardship as a minimum to accomplish such purpose. The hardship requirement is a fundamental one, the burden being on the applicant to show that his property is peculiarly disadvantaged by the ordinance, and not merely the victim of a general hardship that is applicable to other properties as well. Ward v. Zoning Board of Appeals, 153 Conn. 141, 143 (1965).
In considering the specific hardship, it is well established that financial loss or potential financial advantage to the applicant is not a proper basis for a variance. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239 (1972). Likewise, the zoning authority is without power to grant such relief should it appear that the hardship was self-inflicted or self-created. Pollard v. Zoning Board of Appeals, supra at 40.
The defendant has cited two reasons for denying the plaintiffs' application. They may be defined as (1) failure to demonstrate a hardship and (2) potential for the creation of more parking should the property not be divided.
The plaintiffs chose to divide the property and to create a parking area which was leased to another. In this respect, their problem as to marketability of the residential lot was CT Page 4679 self-created, and their principal complaint is the consequential and adverse financial impact. The defendant's first reason for denial is well supported in both fact and law.
Whether additional parking is possible without a permitted division is questionable, but such an objective is a required concern of any zoning authority; Section 8-2, Connecticut General Statutes, Rev. 1958 as amended; and the defendant's second reason for denial is not without merit.
The issue to be decided is "whether the defendant acted arbitrarily or illegally, or so unreasonably as to have abused its discretion." Murphy, Inc. v. Board of Zoning Appeals, 147 Conn. 358,360 (1960). The burden of proof thereof rests with the plaintiffs. Whittaker v. Zoning Board of Appeals, 179 Conn. 650,654 (1980). If the decision of the local board represents an honest judgment, reasonably and fairly made, after a full hearing, the burden has not been sustained and the decision should not be disturbed. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,731-32 (1988).
The court resolves the issue in favor of the defendant, and the plaintiffs' appeal is dismissed.
GAFFNEY, J.