NANCY VERNEY ET AL. *v.* PLANNING AND ZONING BOARD OF APPEALS OF THE TOWN OF GREENWICH ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, JS.

Argued April 9—decided May 5, 1964

*William K. Cole,* with whom was *Kenneth F. Clark,* for the appellants (plaintiffs).

*S. Floyd Nagle,* for the appellee (defendant Arnold Bakers, Inc.).

*Stewart H. Jones,* with whom were *Joseph A. Izzillo* and, on the brief, *A. William Mottolese,* for the appellee (named defendant).

HOUSE, J. The plaintiffs have appealed from a judgment of the Court of Common Pleas dismissing their appeal from the action of the Greenwich planning and zoning board of appeals in granting a special exception to permit, subject to enumerated conditions, the use of a twenty-acre tract for a bakery and office building. The land is in a BA-5 zone. Under §§ 11.1.a. (2) (a) and (d) of the Greenwich building zone regulations (1961), offices and business or industry light in nature as defined in § 28.b. (3) (f) are permitted in a BA-5 zone as a special exception when the board of appeals finds that the applicant satisfies certain conditions set forth in the regulations. The property is near the town incinerator and adjoins the main line of the New Haven Railroad, a large public housing development, the grounds of a public school and a residential area. The Connecticut Turnpike is just beyond the adjacent railroad tracks. The plaintiffs are owners of residential property in reasonably close proximity to the subject area. There has been no

attack on the court's conclusion that they are aggrieved persons within the meaning of § 8-8 of the General Statutes.

Although the plaintiffs originally filed eight assignments of error, the only two which have been pressed on this appeal are the ones claiming that (a) the record before the defendant board did not permit it to conclude that the proposed use was business or industry light in nature and (b) the record before the board does not support its conclusion that the proposed use would not create a traffic hazard. Under §§ 28.b. (3) (a) and (f) of the regulations, these two affirmative findings are conditions precedent to the board's granting of the requested exception.

The appeal to the court from the decision of the board did not require nor permit the court by trial de novo to substitute its findings and conclusions for the decision of the board. Its functions were limited to a determination whether the board had, as alleged on the appeal, acted illegally, arbitrarily and in abuse of the discretion vested in it. "We have frequently asserted, as a fundamental proposition, that the decisions of zoning authorities are to be overruled only when it is found that they have not acted fairly, with proper motives, and upon valid reasons. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority. The burden of overthrowing the decision of the board rested squarely upon the plaintiffs. *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 325, 326, 122 A.2d 303." *Wil-Nor Corporation* v. *Zoning Board of Appeals,* 146 Conn. 27, 30, 147 A.2d 197.

It will serve no useful purpose to recite or sum-

marize here the substance of the testimony of the many witnesses who testified before the board, or the contents of the exhibits submitted for the board's consideration. It suffices to note that, although there was some conflict in the evidence and in expert opinion, there was substantial evidence to support the board's findings that the proposed use was for industry light in nature and that the proposed use would not create a traffic hazard.

The plaintiffs have urged that the board did not properly interpret the term "industry light in nature" as used in the zoning regulations. It is true that the regulations do not attempt specifically to define this term or to characterize any list of industries as being light or heavy in nature. Section 28.b. (3) (f) does, however, provide general standards for determining whether a proposed industry is light in nature. These standards include considerations of size and arrangement of plant, the number and skills of the employees, the industrial process employed and plans for future expansion. Negatively, the regulations expressly provide that no industry shall be considered light in nature if the board finds that by reason of its being so large in size it will interfere with the diversification and balance of industry and business within the town. The plaintiffs rely on Webster, Third New International Dictionary (p. 1308), which defines "light industry" as "characterized by a relatively small capital investment and the use of relatively simple machinery and . . . [usually] devoted to the production of consumer goods." This definition adds nothing in clarity to the standards prescribed by the regulations. There was evidence before the board that this site had a long history of zoning controversy and was not suited for residential use. The board

of appeals could reasonably conclude that the proposed bakery operation met the tests provided by the language of the regulations and presented a reasonable and logical development of the comprehensive zoning plan. See *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538; *State ex rel. Christopher* v. *Matthews,* 362 Mo. 242, 240 S.W.2d 934.

Since there was evidence which, if believed, supports the findings of the board, the plaintiffs have failed to establish that the board acted arbitrarily or illegally and thus abused its discretion. It is only where arbitrary or illegal action exists that the courts can grant relief on appeal. *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886; *Gordon* v. *Zoning Board,* 145 Conn. 597, 604, 145 A.2d 746.

There is no error.

In this opinion the other judges concurred.