ALEXANDER R. KOPROSKI *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF DARIEN

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued April 6—decided April 19, 1972

*Warren W. Eginton,* with whom, on the brief,
were *Edward R. McPherson, Jr.,* and *P. Hurley
Bogardus,* for the appellant (defendant).

*Jonathan M. Bennett,* for the appellee (plaintiff).

PER CURIAM. The plaintiff is the owner of a gasoline station located on the north side of the Boston Post Road in the town of Darien. The gasoline station has been a nonconforming use in a residential zone for some forty years. The plaintiff appeared before the zoning board of appeals as an applicant for a variance of the zoning ordinance, seeking to substitute two 5000-gallon gasoline storage tanks for the existing two 1000-gallon gasoline storage tanks and to relocate the new tanks to the rear of the gasoline station. At the time of the application, a tanker truck made two deliveries to the gas station daily and the larger capacity tanks would reduce the deliveries to three weekly deliveries, thereby reducing congestion at the station and on the Boston Post Road during the time of gasoline deliveries.

The defendant board denied this application for the variance stating that "the Board considers this would be an enlargement of the non-conforming use and that the applicant has not demonstrated exceptional difficulty or unusual hardship required by law to vary the Zoning Regulations." The plaintiff appealed to the Court of Common Pleas and the appeal was sustained. From that judgment the defendant board has appealed to this court.

The conclusion of the zoning board of appeals that the plaintiff had not demonstrated the exceptional difficulty or unusual hardship necessary for the granting of a variance finds ample support in the record and appendices to the briefs. It was a conclusion which the board could reasonably and logically reach.

The trial court erred in substituting its judgment for that of the board. *Belknap* v. *Zoning Board of Appeals,* 155 Conn. 380, 384, 232 A.2d 922; *Verney* v. *Planning & Zoning Board of Appeals,* 151 Conn. 578, 580, 200 A.2d 714; *Wil-Nor Corporation* v. *Zoning Board of Appeals,* 146 Conn. 27, 30, 147 A.2d 197.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the appeal.