[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant matter is an appeal from the denial of an application for a variance.
The applicant applied to the Guilford Zoning Board of Appeals for a variance permitting an accessory apartment in a R-2 zone. The property owner desires to convert storage space on the second floor of an attached garage to a one room efficiency apartment.
Under applicable zoning regulations "one apartment accessory to a single family dwelling" is not permitted in an R-2 zone and is only permitted in R-3 through R-8 zones by special permit. The thrust of the applicant's argument is that he is entitled to an accessory apartment because although his property is located in a R-2 zone it is 20,000 square feet in size which is the minimum lot size in a R-3 zone wherein accessory apartments are permitted by special permit.
Following a hearing the zoning board denied the application on the grounds that it was not the intent of the zoning regulations to create a non-conforming use and that there was no hardship warranting the granting of a variance. (Rec. Item 10)
The authority of a zoning board of appeals to grant a variance under 8-6 (3) Connecticut General Statutes requires the fulfillment of two conditions: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368; Spencer v. Zoning Board of Appeals, 15 Conn. App. 387, 389. If either condition is not fulfilled, the zoning board lacks the power to grant a variance. Spencer v. Zoning Board of Appeals, supra.
The applicant for a variance has the burden of proving hardship. Bogue v. Zoning Board of Appeals, 165 Conn. 749, 754.
The hardship contemplated by the statute exists where the CT Page 1939 application of the zoning ordinance to a piece of property greatly decreases or practically destroys its value for any permitted use and the application of the ordinance bears so little relationship to the purposes of zoning that, as to that property, the ordinance in effect is confiscatory. Culinary Institute of America, Inc. v. BZA, 143 Conn. 257, 261; Dolan v. Zoning Board of Appeals, 156 Conn. 426, 431: also see Spencer v. Zoning Board of Appeals, supra. Any lesser degree of financial hardship than virtual confiscation of applicant's property will not entitle him to a finding of unnecessary hardship. Grillo v. Zoning Board of Appeals, supra, 370; Celentano, Inc. v. BZA,149 Conn. 671, 674.
The determination of whether such a hardship exists is a problem to be resolved by the board in the first instance.
The hardship once established must be unique to the applicant's land and not merely a general hardship applicable to other properties in the district resulting from an enforcement of the ordinance. Whittaker v. Zoning Board of Appeals,179 Conn. 650, 657; Ward v. Zoning Board of Appeals, 153 Conn. 141.
Any zoning law has implicit within it some degree of hardship because it restricts land use. Where, however, the regulation works an unusual hardship the zoning board of appeals may vary it. The indiscriminate granting of variances without just cause or reason other than the applicant's desire to receive some special advantage is a major factor in the breakdown of zoning and should not be tolerated. Heady v. Zoning Board of Appeals, 139 Conn. 463, 467.
If the board can reasonably conclude that a zoning regulation practically destroys or greatly decreases the value of a specific piece of property, it may vary the terms of the regulation, provided, of course, that the variance does not materially impair the effectiveness of the zoning regulations as a whole, and provided, further, that the board's action promotes substantial justice. Culinary Institute of America, Inc. v. BZA, supra, 262; Plumb v. Board of Zoning Appeals, 141 Conn. 595,601.
The zoning board concluded that there was no hardship warranting a variance.
This court may not retry the issues or substitute its judgment for that of the board. Koproski v. Zoning Board of Appeals, 162 Conn. 635. It is limited to a review of the record for the purpose of determining whether the board acted illegally, arbitrarily, or in abuse of its discretion. Bogue v. Zoning Board of Appeals, 165 Conn. 749. The appellant has the CT Page 1940 burden of proving that the board acted in an inappropriate fashion. Horvath v. Zoning Board of Appeals, 163 Conn. 609.
An examination of the record fails to disclose any basis for disturbing the decision of the zoning board of appeals.
Testimony taken on August 24, 1990 established that the appellant is the owner of the land in question and as such is an aggrieved person. Section 8-8, Connecticut General Statutes.
Appeal is dismissed.
John C. Flanagan, Judge