[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs bring this appeal from the decision of the Redding Zoning Commission, granting the application of the First Church of Christ Congregational, for an "Amendment to Site Plan for existing Special Use Permit." (ROR I-1.)
The church property consists of three acres, and is located in an R-2 residence zone, on the Redding Green.
The First Church of Christ Congregational acquired the property in 1961, from the Methodist Episcopal Society although the property has been dedicated to religious purposes since 1837.
The site originally housed a Methodist church, but from the 1920s until 1961, the meeting house was utilized by the Redding Federated Church, a combination of Methodism and the Congregational Church, according to the church historian (ROR III-1, p. 3).
In 1975, the existing Sunday School building was constructed to accommodate 72 children. Today, the congregation averages approximately 120 to 125 children per Sunday (ROR 111-2, p. 8).
A special permit was granted for the construction of this building.
A Montessori school is also housed in the building, pursuant to a special permit (ROR IV-30). CT Page 7361
The application presented to the Redding Zoning Commission on June 19, 1998, seeks authorization for an enlargement of the existing school building to incorporate a fellowship hall, and provide classrooms to service the needs of the congregation for Sunday School space.
The proposal also looks to expand the number of parking spaces on the site to eighty-two, provide for the relocation of an existing garage, and install brick walkways (ROR 1-4).
Extensive landscaping of the property is also envisioned (ROR 1-5).
The commission held public hearings concerning the application on August 12, 1998 and September 9, 1998.
Prior to the hearings, the Redding Planning Commission unanimously endorsed the proposed amendments to the site plan (ROR IV-1), and found the plan in conformance with the Town Plan of Development (ROR IV-29).
The proposal was also submitted by the applicant to the Connecticut Historical Commission for its review (ROR IV-33).
The commission, at its September 23, 1998 meeting, voted three to two to approve the amendment to the site plan for existing special use permit (ROR III-3, p. 27).
Commissioner Gordon, in making the motion to approve the application, cited § 5.1.3(a) and § 5.1.3(b) of the Redding Zoning Regulations; those sections relating to findings which must be made in order for a special permit to issue.
He stated that the use was "consistent with the purposes of the regulations, and that the location, nature, intensity and size of the proposed structures and uses [are] in harmony with [the] adjacent area, and not inimical to the residential values of the nearby area and community," (ROR 111-3, p. 1).
An extensive and wide ranging discussion preceded the vote.
The plaintiffs, Nicholas C. Kartalis, Mary Ruth Kartalis, Peter K. Ruppert, Liane B. Ruppert, Laurence M. Ford and Jerrold T. Lundquist, have appealed claiming that the commission acted arbitrarily, illegally and in abuse of its discretion. CT Page 7362
Although the plaintiffs asserted fourteen claims in their appeal (Paragraph 11), in their briefs and oral argument they have confined their claims to the alleged failure of the Redding Zoning Commission to properly apply the regulations to the proposal advanced by the First Church of Christ Congregational.
They further claim that the proposed site plan amendment, as approved by the commission, does not comply with the zoning regulations.
 AGGRIEVEMENT
The plaintiffs, Nicholas and Mary Ruth Kartalis (Exhibit 1) and Peter and Liane Ruppert (Exhibit 2), own property abutting the First Church of Christ Congregational.
Laurence Ford and Jerrold Lundquist both testified that their property is within 100 feet of the church property (see Exhibit 3 and Exhibit 4).
Section 8-8 (a)(1) of the Connecticut General Statutes defines an aggrieved party to include one "owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
The plaintiffs are statutorily aggrieved by the decision of the Redding Zoning Commission.
 STANDARD OF REVIEW
The plaintiffs claim that the appropriate standard of review is that applicable to the issuance of special permits, while the defendants urge the court to limit its review to the site plan amendment.
The First Church of Christ Congregational argues that the use of the property for religious services and related activities has not changed.
The only proposed change, they declare, involves the physical improvements on the property, which will be employed to continue the existing uses.
The Redding Zoning Regulations, § 4.2.3(b), unambiguously CT Page 7363 state that a church is a permitted use, which may be authorized through the special permit procedure.
When acting on a site plan modification, § 8-3 (g) of the Connecticut General Statutes, requires: A decision to . . . modify a site plan shall set forth the reasons for such . . . modification."
In reviewing and approving site plans, the commission acts in an administrative capacity. Goldberg v. Zoning Commission,173 Conn. 23, 29 (1977); Norwich v. Norwalk Wilbert Vault Co.,208 Conn. 1, 12 (1988). In reviewing a site plan, the commission determines whether the application complies with the applicable regulations. Allied Plywood. Inc. v. Planning ZoningCommission, 2 Conn. App. 506, 512 (1984); Kosinski v. Lawlor,177 Conn. 420, 427 (1979).
In its consideration of an application for a special permit, the commission also acts in an administrative capacity. A.P. W.Holding Corporation v. Planning Zoning Board, 167 Conn. 182,184-85 (1974); Farina v. Zoning Board of Appeals, 157 Conn. 420,422 (1969).
Acting in this administrative capacity, the commission's function is to determine whether the proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations, as well as conditions necessary to protect the public health, safety, convenience and property values, are satisfied. Irwin v. Planning Zoning Commission,45 Conn. App. 89, 96 (1997); Anastasi v. Zoning Commission, 163Conn. 187, 190 (1972); W A T R. Inc. v. Zoning Board of Appeals,158 Conn. 196, 200 (1969).
Here, there is no question that the use of the three acre parcel as a church is permitted under the regulations.
It is evident, based on a review of the record, that the commission considered both the criteria applicable to site plan amendments, as well as the criteria applicable to the issuance of special permits in the course of its review of this application.
A reviewing court must determine whether the commission acted fairly, with proper motives, and upon valid reasons. Whittaker v.Zoning Board of Appeals, 179 Conn. 650, 654 (1980); Spectrum ofConnecticut, Inc. v. Planning Zoning Commission,
CT Page 736413 Conn. App. 159, 163 (1988).
A court will grant relief only when the municipal agency has acted arbitrarily, illegally, or in abuse of its discretion.Verney v. Planning Zoning Board of Appeals, 151 Conn. 578, 582
(1964); Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440,444 (1979).
"The credibility of witnesses and the determination of factual issues are matters within the province of the administrative [body]." (Citations omitted; internal quotation marks omitted.) Feinson v. Conservation Commission,180 Conn. 421, 425 (1980).
 ZONING COMMISSION DECISION FINDS SUPPORT IN THE RECORD
The plaintiffs claim that the plan approved by the commission violates § 5.6.2(e) of the Redding Zoning Regulations.
That section mandates one parking space for every four seats in a church. The church has a seating capacity of 300 persons.
The plan approved by the commission provides for eighty-two parking spaces (ROR 1-4, p. 17), and is designed to alleviate Sunday morning congestion, which finds cars parked along the streets near the green (ROR IV-5 and IV-6).
The plaintiffs' contention that compliance with § 5.6.2(e) requires the church to combine the seating capacity of the sanctuary with that of the proposed education building, finds no support in either the regulations or the record.
Sunday School is conducted along with Sunday morning services and is an integral part of the worship experience.
To require separate parking spaces based upon children enrolled in a Sunday School defies common sense, since most of the students are not of driving age, but attend worship with their parents.
No separate parking requirement is found in the regulations.
Furthermore, the record reveals that the Sunday School building is proposed in close proximity to the church in order to accommodate the movement of children from the church to the CT Page 7365 school building during the worship service. (ROR 111-1, p. 6.)
The children can not be in two places simultaneously.
The plan, as approved, both addresses the need for traffic control in a responsible fashion, and complies with the requirements of § 5.6.2(e) of the zoning regulations.
The plaintiffs' position concerning the failure of the driveway providing access to the parking lot is also unavailing.
The driveway is clearly not part of the parking facility.
The plaintiffs' reliance upon § 3.10 of the zoning regulations, that portion dealing with inner courts, is also misplaced.
The building covers less than 10 percent of the site area, ensuring that an adequate supply of sunlight and air will circulate on the site.
The defendant commission argues that the regulation does not apply to spaces between buildings, only to enclosed areas.
However, even if the regulation applies in the manner suggested by the plaintiffs, no evidence indicated that the existing building had a twelve foot high wall.
The plaintiffs next argue that the approved plan violates § 5.17.3 of the zoning regulations, because a nonconforming use is expanded.
Section 5.17.3 defines a nonconforming use:
 Any lawful use of land or lawful use of a building, which use however does not apply (sic) with the permitted uses or permitted special uses specified by these Regulations for the Zone in which it is located.
The plaintiffs' position fails for two reasons: (1) a church is a permitted use in an R-2 residence zone pursuant to § 4.2.3 (b); and (2) the applicant demonstrated that the use was not being expanded. The new building is designed to accommodate the existing uses on the site (ROR I-1). CT Page 7366
The commission was not required to find that the site plan amendment results in an expansion of a nonconforming use.
In its discussions, the commission wrestled with § 5.1.4 of the Redding Zoning Regulations, and the reduction of the 100 foot buffer provided in that section (ROR 111-3).
Section 5.1.4, Permitted Special Uses, reads:
 In addition to meeting all specified standards for the zone in which located (see Section 4.6), buildings, enclosed structures and paved parking areas serving nonresidential uses in R-4, R-2 and R-1 zones shall observe a minimum setback of one hundred (100) feet from the nearest lot line of any residential lot. . . .
 Where a particular use has been in continuous existence from before the effective date of these Regulations, however, and the Commission finds [that] the lot, is not large enough to allow compliance with this requirement, the Commission may reduce the required buffer to not less than the building setback specified by Section 4.6 provided highly effective screening is installed and maintained in the reduced buffer.
Because the three acre parcel is large enough to site a building within the 100 foot buffer, the plaintiffs insist the commission has no discretion and can not reduce the buffer area.
The decision concerning reduction of the buffer, the defendants contend, is committed to the sound discretion of the commission, based upon an examination of all of the facts involved in a particular proposal.
Implicit in the plaintiffs' argument is the notion that the commission must apply the "hardship" standard which a Zoning Board of Appeals would apply when determining whether to grant a variance.
The granting of a variance is reserved for unusual or exceptional circumstances. Dolan v. Zoning Board of Appeals,156 Conn. 426, 429 (1968); Kelly v. Zoning Board of Appeals,21 Conn. App. 594, 598 (1990). Variances may be granted only when the variance does not affect substantially the comprehensive zoning plan, and adherence to the strict letter of the zoning ordinance is shown to cause unusual hardship unnecessary to the carrying CT Page 7367 out of the general purpose of the zoning plan. Bloom v. ZoningBoard of Appeals, 233 Conn. 198, 207 (1995); Grillo v. ZoningBoard of Appeals, 206 Conn. 362, 368 (1988).
Had the drafters of the zoning regulations meant to impose the rigorous hardship standard upon an applicant for a special permit, they would not have permitted the 100 foot buffer to be relaxed, absent favorable action by the zoning board of appeals.
Because the church property has been used for religious purposes since 1837, before the effective date of the regulations, the commission is authorized to approve a proposal which does not transgress the residential setback provided in § 4.6, subject to effective screening in the reduced buffer.
Here, the setback provided by § 4.6 for an R-2 zone is forty feet.
The First Church of Christ Congregational presented testimony concerning the need to construct a Sunday School building close to the sanctuary (ROR III-1, p. 6).
The expanded parking lot, under the plan approved by the Redding Zoning Commission, is entirely within the 100 foot setback (ROR III-1, p. 10).
The parking lot would have to be reconfigured if the proposed education building was relocated within the 100 foot buffer.
The commission properly, and after considering all of the information in the record, reduced the buffer from 100 feet to 40 feet; the buffer allowed for residences located in an R-2 zone.
Provision was made for plantings in the buffer area(ROR 1-5).
The plaintiffs further maintain that the existing building is nonconforming as to setbacks, and can not be expanded.
Section 5.17.2 of the regulations provides:
 A nonconforming building or structure shall not be enlarged or extended, except where the enlargement or extension is in full conformity with these regulations.
Because the proposal as approved complies with the Redding CT Page 7368 Zoning Regulations, and the commission properly exercised its discretion in applying the provisions of § 5.1.4, this section regarding nonconforming buildings or structures does not aid the plaintiffs.
 THE APPROVED PROPOSAL MEETS THE SPECIAL PERMIT CRITERIA
The record provides overwhelming support for the conclusion that the use of this three acre parcel by the First Church of Christ Congregational is consistent with the purposes of the zoning regulations.
It further supports the conclusion, expressed in the commission vote, that the location, nature, intensity and size of the proposed structure and uses is in harmony with the adjacent area, and not inimical to the residential value of the nearby area and the community.
The record reveals a thoughtful and detailed proposal which seeks to accommodate the mission of the First Church of Christ Congregational, while preserving this historic site for religious purposes.
No New England green, preserved for posterity, would be complete without a prominent place reserved for a church or meeting house.
That the First Church of Christ Congregational seeks to discharge its mission in the new millennium, while recognizing and respecting the rich history of the Redding Green, should be cause for rejoicing and celebration.
Although not mandated by secular law, the facility will be handicapped accessible (ROR III-2), 50 that the church may better minister to the elderly and the infirm, as well as those seeking comfort and solace.
Any increase in Sunday School attendance should be vigorously applauded, at a time when young people of all faiths are thirsting for spiritual sustenance in the shadow of headlines which trumpet violence, hatred and alienation in our public schools.
When the spiritual health of a congregation is robust, the CT Page 7369 effect on the community in which it resides can only be beneficial.
The decision of the commission finds ample support in the record and will not be disturbed on appeal.
The appeal of the plaintiffs is dismissed.
Radcliffe, J.